

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*       *(503) 727-1000*
*Portland, OR 97204-2902*              *Fax (503) 727-1117*

October 23, 2013

Ben Andersen
Attorney at Law
121 SW Salmon Street
Portland, OR 97204

Re:    *United States v. Dwain Coppernoll, JR.*, 3:12-CR-398-SI
       Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:   This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:   Defendant agrees to plead guilty to the Indictment filed in this case, which charges the crime of Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1).

3.    **Penalties**:   The maximum sentence per count is 10 years' imprisonment, a fine of up to $250,000, three years of supervised release and a $100 fee assessment.

4.    **Dismissal/No Prosecution**:   The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.   The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Sentencing Factors**:   The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).   Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.    **Relevant Conduct**:   The parties agree that the base offense level is 24 pursuant to USSG § 2K2.1(a)(2) and that there is a two-level increase because the firearm was reported stolen.   The parties agree that this provides for a total offense level of 23 after a three-level reduction for acceptance of responsibility.

7.    **Acceptance of Responsibility**:    Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case.    If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level.    The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.    **Sentencing Recommendation**:    The USAO agrees to recommend a sentence at the low-end of the advisory guideline range and may recommend additional reductions after reviewing the PSR and other documents prior to the date set for sentencing in this matter, as long as defendant demonstrates an acceptance of responsibility as explained above.

9.    **Abandonment of Property**:    By signing this agreement, defendant hereby voluntarily abandons all right, title and interest to any contraband material associated with this case.

10.    **Additional Departures, Adjustments, or Variances**: The USAO office agrees not request any upward departures, adjustments or variances and the defendant is free to request downward departures, adjustments or variances.

11.    **Waiver of Appeal/Post-Conviction Relief**:    Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.    Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.    Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12.    **Court Not Bound**:    The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.    Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.    **Full Disclosure/Reservation of Rights**:    The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.    Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.    **Breach of Plea Agreement**:    If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

Revised 02/03/10

15.   **Memorialization of Agreement**:   No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.   If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. Amanda Marshall
United States Attorney

Fred Weinhouse
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.   I understand and voluntarily agree to its terms.   I expressly waive my rights to appeal as outlined in this agreement.   I wish to plead guilty because, in fact, I am guilty.

11/14, 2013
Date

Dwain Coppernoll, JR.,   Defendant

I represent the defendant as legal counsel.   I have carefully reviewed every part of this agreement with defendant.   To my knowledge, defendant=s decisions to make this agreement and to plead guilty are informed and voluntary ones.

11/14, 2013
Date

Ben Anderson, Attorney for Defendant

Revised 02/03/10